IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01054-EWN-MEH

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

## ORDER DENYING MOTION TO CONSOLIDATE CASES

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    This matter is before the Court on the Defendant's Motion to Consolidate (Docket #23). Under this motion, the Defendant seeks to consolidate this case with that of *Bridges v. Frontier Airlines, Inc. and Frontier Airline Pilots Association*, Civil Action No. 06-cv-02191-EWN-CBS. Under Fed. R. Civ. P. 42(a), the Court may consolidate one civil action with another when the actions involve common questions of law or fact.  A district court's determination on a motion to consolidate is discretionary and will not be reversed on appeal absent clear error or exigent circumstances.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  There is no precise test on which to determine a motion to consolidate.  Generally, however, consolidation is undertaken to promote efficiency and to avoid unnecessary costs or delay.

    A review of the record in both cases indicates that there are few questions of law or fact in common between these two cases.  In this case, the Plaintiff asserts that based on Defendant's alleged delay in reinstating him to seniority following a two-year deployment with the Army,

together with allegations of retaliation, entitles him to liquidated and other damages based on protections provided under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").  Defendant does not dispute that it has granted the Plaintiff seniority as a pilot in this regard, *see* SCHEDULING ORDER, Docket #11, p. 3, but does dispute that it was a "reinstatement" by claiming that the Plaintiff was never an employee as defined by USERRA and, therefore, argues that Plaintiff can recover no damages because USERRA is not applicable to him.  Defendants also challenge the Plaintiff's allegations of retaliation.   Donna Bridges, the Plaintiff in the case sought to be consolidated with this case, essentially claims that the granting of seniority to the Plaintiff violated the collective bargaining agreement in effect for Defendant's pilots, of which she is one, thereby causing her monetary damage.  Ms. Bridges also claims that she has been retaliated against for raising this violation, and seeks damages against the Frontier Airline Pilot Association for failing to fairly represent her in connection with the issue of seniority listing.  Based upon a thorough reading of the pleadings on file herein (notably, the Defendants have not yet filed a responsive pleading in the *Bridges* case), the Defendant has not alleged such commonality of facts or parties to justify combining what are essentially two distinct cases.

Consideration of the records in this regard demonstrates that even if there is some commonality between the two cases, there is no indication that consolidation will promote efficiency or avoid unnecessary costs or delay.  A scheduling/planning conference has not yet been held in the *Bridges* case, however, the case management deadlines in this case are geared toward a dispositive motion deadline set by the presiding trial judge of February 2, 2007.  Written discovery has been exchanged, and a majority of the pertinent depositions have already been completed.  Defendant has not provided a sufficient basis to meet Fed. R. Civ. P. 42 in this

regard.

Accordingly, it is hereby ORDERED that the Defendant's Motion to Consolidate [Filed November 3, 2006; Docket #23] is **denied.**

Dated at Denver, Colorado, this 5th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge