IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01054-WYD-MEH

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

## ORDER

THIS MATTER is before the Court on Plaintiff's Renewed Motion to Review Taxation of Costs filed December 8, 2009 [ECF No. 130]. For the reasons set forth below, Plaintiff's Motion is denied.

On March 4, 2008, this Court granted Defendant's motion for summary judgment and instructed the clerk of the court to enter judgment in favor of Defendant and to dismiss Plaintiff's claims with prejudice. *Quick v. Frontier Airlines, Inc.,* 06-cv-01054, slip op. at 35 (D.Colo. March 4, 2008) [ECF No. 111]. The Order also provided that "Defendant may have its costs by filing a bill of costs within eleven business days of the date of this Order." *Id.* That same day a final judgment was entered by the clerk of the court in favor of Defendant. *See* Order of March 4, 2008 [ECF No. 113]. On March 14, 2008, Defendant submitted its Proposed Bill of Costs, which totaled $16,604.52. [ECF No. 114]. Thereafter, Plaintiff submitted his Objection to Bill of Costs wherein he argued that costs under the Uniformed Services Employment and Reemployment Rights Act (USERRA) should not be

assessed against veterans. Pl.'s Obj., p. 1-2 [ECF No. 115]. On April 2, 2008, Plaintiff filed his Notice of Appeal from the Court's March 4, 2008 Order. Pl.'s Not. [ECF No. 116]. On April 8, 2008, the clerk of the court taxed costs totaling $7,023.65 against Plaintiff in favor of Defendant. [ECF No. 120]. Shortly thereafter, Plaintiff filed a Motion to Review Taxation of Costs pursuant to Fed. R. Civ. P. 54(d)(1). Pls.' Mot. [ECF No. 121].

Plaintiff admits in his Reply Brief that he amended his Notice of Appeal to include the issue of the purported improper taxation of costs "after US District Court [*sic*] Nottingham did not rule on the Motion to Review Taxation of Costs." Pl.'s Reply, p. 2 [ECF No. 132]. As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Plaintiff's act of amending his Notice of Appeal to include the improper taxation of costs therefore divested this Court of jurisdiction to hear that issue. *Id.*

Although Plaintiff suggests the Tenth Circuit's handling of the issue is "perplexing" and "vague", I find the Appellate Court's Orders succinct and straightforward. The Tenth Circuit's Order provides:

> This matter is before the court on Appellee Frontier Airlines, Inc.'s status report filed on September 24, 2009. The court directed Appellant Edward Quick to file a response to Frontier's status report, which he did. The court then directed Frontier to reply to Mr. Quick's response. In Frontier's reply, it requested that this appeal be dismissed because all issues raised in this appeal are discharged by the bankruptcy court's order confirming Frontier's reorganization plan. We construe Frontier's request as a motion to dismiss the appeal. Mr. Quick filed nothing further.
>
> Upon consideration of the pleadings, as well as the entire case, this appeal

is dismissed. The mandate shall issue forthwith.

*See Quick v. Frontier Airlines, Inc.,* 08-1113, slip op. at 1 (10th Cir. Nov. 13, 2009) [ECF No. 129-1]. The Tenth Circuit treated Frontier's reply as a motion to dismiss the appeal on the basis that "*all* issues raised" in the appeal had been discharged by the bankruptcy court's order. *Id.* (emphasis added). When Plaintiff did not respond, the Tenth Circuit dismissed the appeal. Plaintiff immediately sought reconsideration of the Tenth Circuit's ruling arguing that "the Court of Appeals should not dismiss the appeal without also remanding the issue of whether costs can be awarded against a serviceman to the District Court for a ruling." *See* Pl.'s Mot., p. 3 [Doc. No. 01018311818]. On November 18, 2009, the Tenth Circuit denied the motion to reconsider stating, "[u]pon careful consideration of the issues presented in the Motion, including the argument regarding the award of costs taxed against [Plaintiff] in the district court, the Motion is denied." *Quick v. Frontier Airlines, Inc.,* 08-1113, slip op. at 1 (10th Cir. Nov. 18, 2009).

The Tenth Circuit's November 13, 2008 Order represents the law of the case and completely dismissed Plaintiff's appeal. *Arizona v. California,* 460 U.S. 605, 618 (1983) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). The Tenth Circuit dismissed the appeal because "all" issues had been resolved including Plaintiff's argument regarding the award of costs. In case the parties had any doubt about this result, the Tenth Circuit's ruling on Plaintiff's motion to reconsider makes any argument to the contrary meritless. The Tenth Circuit stated that it had "careful[ly]" considered Plaintiff's argument that the bankruptcy court did not resolve the issue regarding the award of costs as well as Plaintiff's

request to remand and rejected both claims. Moreover, I view Plaintiff's request for remand as an admission that the Amended Notice of Appeal divested this Court of jurisdiction to decide the issue related to costs. *Griggs*, 459 U.S. at 58. As such, the Tenth Circuit's dismissal and mandate represent the law of the case and preclude further inquiry or ruling on the issue of costs by this Court.

Accordingly, it is

ORDERED that Plaintiff's Renewed Motion to Review Taxation of Costs filed December 8, 2009 [ECF No. 130] is **DENIED**.

Dated: September 3, 2010

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE